IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLENDA FAYE HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. ACT. NO. 2:13cv457-TFM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

## I. Procedural History

Plaintiff Glenda Faye Harris ("Harris") applied for disability insurance benefits pursuant to 42 U.S.C. § 401 *et seq.*, alleging that she is unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that Harris was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected review and the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). On September 7, 2010, this court reversed and remanded the Commissioner's decision with instructions to consider the side effects of Harris' medication on her ability to perform work.

The ALJ conducted an additional hearing on March 21, 2011. After the hearing, the ALJ found that Harris was not under a "disability" as defined in the Social Security

Act and denied her claim for benefits. The Appeals Council rejected a subsequent request for review. Consequently, the ALJ's decision became the final decision of the Commissioner".[1] *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be REVERSED and this case should be REMANDED to the Commissioner for further proceedings consistent with this Opinion.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination, the Commissioner employs a five-step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

## III. The Issues

### A. Introduction

Harris was 45 years old at the time of the hearing and has completed the ninth grade. (R. 351). She has prior work experience as a sewing machine operator. (R. 329). Harris alleges that she became disabled on February 15, 2006, due to muscle spasms in her neck, neck and back pain, fibromyalgia, carpal tunnel syndrome, restless leg syndrome, bursitis, arthritis, allergies, and headaches. (R. 329). After the hearing on March 21, 2011, the ALJ found Harris suffers from severe impairments of fibromyalgia, osteoarthritis, carpal tunnel syndrome, status post herniated nucleus pulposus at C6-7 with fusion, status post herniated nucleus at C5-6 with fusion, status post cervical spondylosis, status post chondroplasty left knee, migraine headaches, and temporomandibular joint disorder ("TMJ"). (R. 305). The ALJ also found that Harris is unable to perform her past relevant work, but that she retains the residual functional capacity to perform light work with a sit/stand option, with the following specifications:

> She can frequently use her hands for simple grasping, pushing and pulling of arm controls and fine manipulations. She can occasionally use her left leg for pushing and pulling of leg controls. She can frequently use her right leg for pushing and pulling of leg controls. She is able to occasionally stoop and crouch. She is never able to kneel, crawl, climb, or balance. She is able to frequently reach overhead. She is never able to work at activities involving unprotected heights. She is able to occasional[ly] work around moving machinery. She is limited to occasional exposure to marked changes in temperature and humidity. She is never able to work at activities involving driving automotive equipment or the exposure to dust, fumes, and gases. She experiences a moderate degree of pain. In deference to the claims of adverse medication side effects (and granting to the claimant all reasonable benefit of the doubt), I find that the claimant should be limited to unskilled work and that she experiences some slight drowsiness in the morning.

(R. 311). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Harris can perform, including work as an assembler, mail clerk, and inspector. (R. 316). Accordingly, the ALJ concluded that Harris is not disabled. (R. 317).

**B. The Plaintiff's Claims**

Harris presents the following issues for review:

(1) The Commissioner's decision should be reversed because the ALJ's RFC contained ambiguous language that was neither vocationally relevant nor defined to the vocational expert whose opinion was substantially relied upon.

(2) The Commissioner's decision should be reversed because the ALJ failed to properly consider the effects of the Eleventh Circuit pain standard in light of Dr. Whatley's testimony regarding diminishing medication efficacy.

(Doc. No. 12, Pl's Br., p. 3).

## IV. Discussion

### A. The Pain Analysis

Harris argues that the ALJ erred in failing to properly consider additional evidence when determining that her statements concerning the intensity, persistence, and limiting effects of pain are not credible. Specifically, she argues that the ALJ failed to consider the medical expert's testimony about pain medication efficacy.

"Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry*, 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law. This standard requires that the articulated reasons must be supported by substantial reasons. If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

This court recognizes that this court previously found that "the ALJ adequately explained his reasons for discrediting Harris' subjective testimony as to her pain" in a

prior decision remanding the case to the Commissioner. *Harris v. Astrue*, 2:09cv765-TFM, Doc. No. 17, Memorandum Opinion, p. 11. However, additional evidence, including the opinion of a medical expert concerning the reduced effectiveness of pain medication over an extended time period and a diagnosis of TMJ by a dental specialist, was presented to the ALJ on remand. The ALJ should have considered this additional evidence in combination with Harris' other impairments when determining whether her medical conditions are of a severity that can reasonably be expected to give rise to the alleged pain.

The court notes that the ALJ's finding that the medical expert's responses to the questions of Harris' representative indicate "that the claimant may be experiencing pain significantly less than that normally expected to be controlled by medications such as Lortab" is a mischaracterization of the evidence. During the March 21, 2011 hearing, Harris testified that she takes Lortab once every six hours, Flexeril three times a day, and Cymbalta, Maxalt, Lyrica, Prevacid, and Lysine once a day. (R. 333). She also stated that she has taken Lortab and Flexeril every day since 2000. (R. 339). When the ALJ questioned the medical expert concerning the side effects of the medication, Dr. William B. Whatley III testified that "when people are on these medications for 10, 11, 12 years, they build up what's called a tolerance to the medicines, and the [e]ffects of the medication are diminished over time." *Id*. In response to this testimony, Harris' representative questioned the medical expert as follows:

> Q. Now, before you stated the -- over time, the effects – well, you – the individual builds a tolerance to certain medication.

A. Right.

Q. And that diminishes the affects of the medications. Is that -- while it, while – I think you were testifying that it deals with the side effects would be diminished. Would the overall affect of this – of the medication itself also be diminished?

A. Absolutely.

Q. All right.

A. *Tolerance, I mean, it, it affects* the whole scope of side effects, *the effectiveness of the pain relief, etcetera*.

Q. *So, the, the pain relief itself would, would not be as good –*

A. *Right*.

Q. -- *years after, after the medications –*

A. *Right*.

(R. 340) (Emphasis added). Thus, the medical expert testified that the effectiveness of pain relief from medications is diminished over time; Dr. Whatley did not state that Harris experiences pain significantly less than would be normally expected to be controlled by medications. Due to the ALJ's mischaracterization of the evidence his failure to consider how the diminished effects of pain relief due to the taking of Lortab, Flexeril, and other medications over a prolonged period of time in combination with her medical conditions are of such severity that they can reasonably be expected to give rise to the alleged pain, this court is unable to determine whether the ALJ's decision is supported by substantial evidence.[3]

[3] The ALJ also relied on his own observations of Harris to discredit her testimony regarding pain and the side effects of medication.

**B. The Hypothetical Question**

Harris argues that the ALJ's hypothetical question includes ambiguous language that was not properly defined to the vocational expert. Specifically, Harris contends that the ALJ did not define or clarify what he meant by a "moderate" degree of pain and "some slight drowsiness" when questioning the vocational expert.

"[W]hen the ALJ relies on the testimony of a VE, 'the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posted to the VE' rather than the RFC simply cited in the ALJ's decision." *Olsen v. Astrue*, 858 F. Supp. 2d 1306 (M.D. Fla. 2012) (citations omitted).

During the hearing, the ALJ posed the following hypothetical question to the vocational expert:

> Please assume an individual the claimant's age, which is 45; education, which is ninth grade education; and past relevant work experience. Please assume that I find her capable . . . of performing light work as those terms are defined in the Commissioner's regulations, with a sit/stand option. In addition, the hypothetical individual can frequently use her hands for simple grasping, pushing and pulling of arm controls, and for fine manipulation. She can occasionally use her left leg for pushing and pulling of leg controls, frequently use her right leg for the pushing and pulling of leg controls. She is able to occasionally stoop and crouch; never knee[l],

---

> [T]he claimant appeared to be alert. She was coherent, fully comprehended the proceedings, and did not appear to have any difficulty understanding and responding fully and appropriately to the questions asked of her. She never betrayed the degree of disability allegedly resulting from the medications being taken. While the hearing was relatively short-lived and cannot be considered a conclusive indicator of the claimant's overall level of day-to-day functioning, the abilities observed during the hearing have been given at least some weight in reaching the conclusion regarding the claimant's residual functional capacity and in judging the credibility of the claimant's allegations of disabling medication side effects.

(R. 313).

The ALJ's improper use of a "sit and squirm" type jurisprudence was an arbitrary substitution of her own hunches and intuition for the diagnoses of medical professionals. *See Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992).

> crawl, climb, or balance; frequently reach overhead. She is able to occasionally work around moving machinery and exposure to marked changes in temperature and humidity. She is never able to work at activities involving unprotected heights; driving automotive equipment; or exposure to dust, fumes, and gases. For the purpose of this hypothetical, the hypothetical individual experiences a moderate degree of pain. . . .
>
> . . . And the hypothetical individual experiences some slight drowsiness initially in the morning.

(R. 351-52).

The ALJ's hypothetical question to the vocational expert is internally inconsistent and ambiguous. For example, the ALJ's question assumes that an individual who experiences some slight drowsiness in the morning is able to work around moving machinery. The ALJ does not specify the length of time that the individual will remain drowsy. In addition, the vocational expert is left to guess whether the individual will be late to work any number of days due to drowsiness. The ALJ's allusion to "some slight drowsiness" does not adequately account for Harris' limitations in the workplace. On remand, the Commissioner shall clarify these ambiguities and inconsistencies in determining Harris' residual functional capacity to perform work and in applying the remaining steps of the sequential process for determining disability under the Act.

**V. Conclusion**

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this Opinion.

It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after he receives

notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. App'x. 241, 242 n.1 (11th Cir. 2008). A separate final judgment will be entered.

Done this 14th day of August, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE